JAMES DAL BON, Bar No. 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
(408) 466-5845

VICTORIA BOOKE, Bar No. 142518
BOOKE & ALJUONY
606 N. 1ST St.
SAN JOSE CA 95112
(408) 286-7000

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

ISAIAS SANCHEZ

        Plaintiffs,

vs.

        Defendants.

LINDY ROOFING COMPANY, INC

Case No.

CLASS ACTION COMPLAINT

**I CLAIMS FOR DAMAGES FOR INDIVIDUAL PLAINTIFFS AND CLASS ACTION PLAINTIFFS**
1.   Failure to Pay all Wages Including Overtime Wages Under the FSLA
2.   Failure to Pay Timely Wages under California State law
3.   Failure to Provide Accurate California Itemized Employee Wage Statements
4.   Failure to Provide Breaks
5.   Violation of California Unfair Competition Law for unlawful and/or unfair act in violation of California Law

**DEMAND FOR JURY TRIAL**

### NATURE OF CLAIM

This is a class action on behalf of a roofers employed by Lindy Roofing Company, Inc. for wage and hour violations of federal and state law. Lindy Roofing Company failed to pay its roofers at the correct overtime rate when they worked more than eight hours in one day

or forty hours in one week.  Plaintiff files an opt in class action under the Fair Employment and Standards Act for wages under federal law.  The Plaintiff also files a Rule 23 class action for wages and penalties owed under California state law.   Finally the Plaintiff seeks restitution of wages for the past four years due to Lindy Roofing Company, Inc.'s unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

**PARTIES**

1.	At all times relevant herein, Plaintiff Isaias Sanchez is a resident of Santa Clara County in California.

2.	At all times mentioned "Putative Plaintiffs" are the Plaintiff Sanchez's co-workers employed by Lindy Roofing as laborers in the roofing industry during the last four year from he filed this complaint.

3.	Plaintiff Isaias Sanchez and Putative Plaintiffs shall be collectively known as "Plaintiffs".

4.	At all times relevant herein, Defendant Lindy Roofing Company, Inc. is a domestic corporation doing business and headquartered in the County of Santa Clara, under the name "Lindy Roofing".

5.	 Plaintiff is unaware of the true names and capacities of the Defendant Does 1 to 100 sued herein, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend the complaint to allege their true names and capacities when ascertained.  Plaintiffs is informed and believes and thereon alleges that each of the fictitiously names Defendant is directly or indirectly responsible in some manner for the occurrences herein alleged, and that

Plaintiff's damages as herein alleged were proximately caused by Defendants' actions.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned the Defendants Does 1 through 100 were acting within the course and scope of this agency and employment.

6.      Individual Defendants Does 1 through 100 are, according to information and belief, owners, managers, directors, associates, related to, or employees of Defendants, having control over the Plaintiffs' work condition and work situation.

7.      Defendant Lindy Roofing, Inc and Does One through 100 shall here in the collectively referred to as "Defendants".

**GENERAL ALLEGATIONS**

8.      The business purpose of Lindy Roofing Company, Inc. is to build and repair roofs for profit.

9.      Defendants have an annual dollar volume of gross sales of over $500,000.

10.     Defendants engage interstate commerce in that they regularly use building and other materials shipped across state lines to build or repair roofs

11.     Plaintiffs were employees of Defendants acting in the normal course and scope of their employment as laborers and roofers for Defendants.

12.     In working as roofers or laborers Plaintiffs engaged in job duties that directly fulfilled Defendant's business purpose of building or repairing roofs.

13.     Plaintiffs' primary duties were not "exempt" and the Defendants purportedly paid the Plaintiffs on a hourly basis.

14.     The Plaintiffs performed the usual duties of a laborer or roofer, which included the

heavy lifting of objects, tearing out and installing roofs, climbing ladders and working from heights.

15. During the course of the Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 8 hours per day, and more than 40 hours per week.

16. During a portion of their employment, Plaintiffs were not paid overtime at the proper rate for all their overtime hours.

17. The Defendants paid the Plaintiffs for 40 hours of their work a week by check with proper payroll deductions.

18. The Defendants purportedly paid the Plaintiffs in cash for all hours worked over 40 in one week.

19. The Defendants did not issue a pay stub listing the correct amount of overtime hours the Plaintiffs worked.

20. The Defendants did not pay the Plaintiffs one and a half times their normal rate of pay when they worked more than eight hours in one day.

21. The Defendants did not pay the Plaintiffs one and a half times their normal rate of pay when they worked more than forty hours in one week

**CLASS ALLEGATIONS**

22. Plaintiffs assert:

23. The class is so numerous that joinder of all members is impracticable;(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

24. Plaintiffs further assert:

    a. prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying decisions with respect to individual Plaintiff's cases that would establish incompatible standards of conduct for Defendants and/or result in judgments of individual Plaintiff's cases that would greatly impede other Defendants' employees' ability to bring their own case for wage and hour violations;

    b. the Defendants have acted or refused to act on grounds that apply generally to all of the Plaintiffs, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Plaintiffs and/or

    c. common questions of law and fact applicable to Plaintiffs predominate over any questions affecting only Defendant's individual employees so that a class action is superior to other available methods for fairly and efficiently adjudicating the wage and hour issues.

25. Plaintiffs seeks to represent the following class:

> "All non-exempt hourly employees who are employed or have been employed by DEFENDANTS as laborers or roofers in California within four (4) years of the filing of this Complaint through the date of final disposition of this action and who were not paid overtime wages, were not paid for all hours worked, and were not provided pay stubs that accurately marked the hours they worked."

26. Plaintiffs seek to represent the following sub-class:

> "All non-exempt hourly employees whose employment ended in California within (3) years of the filing of this Complaint employed by the Defendants as roofers or laborers through the date of final disposition of this action and who were not fully paid their wages within seventy two hours of the end of their employment."

27.     On information and belief, the legal and factual issues are common to the class and affected all putative members of the class.  Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**NUMEROSITY**

28.     The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable.  While the precise number of class members has not been determined at this time, Plaintiffs are informed and believes that DEFENDANTS during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by DEFENDANTS' unlawful practices as alleged herein.

**COMMONALITY**

29.     There are questions of law and fact common to the class predominating over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

   a. Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business and Professions Code by the violation of California Law;

   b. Whether DEFENDANTS violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

   c. Whether DEFENDANTS violated the California Labor Code and Wage Orders by compensating Plaintiffs at rates below the required overtime rate;

   d. Whether DEFENDANTS violated the Fair Labor Standards Act by compensating Plaintiffs  at rates below the required overtime rate under federal law;

   e. Whether DEFENDANTS violated the California Labor Code and Wage Orders by

      failing to, among other things, maintain accurate records of Plaintiffs' earned wages and itemize all wages earned, and accurately maintain other records;

    f. Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs ended;

    g. Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business and Professions Code by the violation of California Law;

    h. Whether DEFENDANTS failed to pay Plaintiffs, statutory penalties pursuant to California Labor Code §§ 201, 202, 203;

    i. Plaintiffs are entitled to damages, restitution, wages, statutory penalties,

    j. Whether Plaintiffs are due liquidated damages, declaratory, injunctive relief attorney's fees interest and costs and other relief pursuant to the Fair Labor Standards Act, the California Labor Code Wage Orders and Business and Professions Code Section 17200.

30. There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

TYPICALITY

31. The claims of the named Plaintiffs are typical of the claims of the class. Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

ADEQUACY OF REPRESENTATION

32. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have no interests which are adverse to the class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

SUPERIORITY OF CLASS ACTION

33. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class. Each member of the class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practices described herein.

34. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CLASS ACTION CLAIMS FOR DAMAGES :**

**FEDERAL CLAIM**

## COUNT ONE
## UNPAID WAGES

*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and Minimum Wages*

35.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

37.   At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

38. The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 and related Department of Labor regulations.

39.   Defendants intentionally required or permitted Plaintiffs and their similar class members to work more than 40 hours per week without paying all of their wages for overtime work.

40. In failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rate of pay, Defendants willfully violated the FLSA.

41.   As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

42.   Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs all their wages, and are thus liable to

Plaintiffs for liquidated damages in an amount equal to their lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

43. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**PENDENT STATE CLAIMS**

## COUNT TWO
## UNPAID WAGES

*Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774*
*Failure to Properly Pay Overtime Wages*

44. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

45. At all times mentioned herein, California Labor Code §510 governed the Defendants employment of Plaintiffs.

46. Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked in excess of 8 hours a day or 40 hours a week.

47. Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

48. Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

49. As a result of Defendants violations of statutory duties, as more fully set forth above, Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

50. Plaintiffs seek all unpaid wages the difference between the amount actually paid and the

amount in overtime wages or regular wages owed. Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the jurisdictional minimum requirements of this court. Plaintiff will seek leave of court to amend this Complaint according to proof at the time of trial.

51. Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code § 1194.

**COUNT THREE**
**FAILURE TO PAY WAGES AT THE END OF EMPLOYMENT**

*Violation of California Labor Code Sections 201, 202 & 203*
*Failure to Pay Wages Due and "Waiting Time" Penalties*

52. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein

53. At the time Plaintiffs' employment ended with Defendants, Plaintiffs were terminated and Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiffs were ascertainable at the time of termination.

54. Failure to pay wages owed at the time an employee are terminated as required by Labor Code §201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

55. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

56. Pursuant to Labor Code Sections 203 and 1194, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

### COUNT FOUR
### FAILURE TO PRODUCE LAWFUL PAYSTUBS

*Violation of California Labor Code § 226*
*Failure to Provide Accurate Wage Stubs*

57. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein

58. At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

59. Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226.  Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

60. As a direct result, Defendants did not separate Plaintiff's regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

61. Plaintiffs has incurred, and will continue to incur attorney fees in the prosecution of this action.

## COUNT FIVE
## UNLAWFUL BUSINESS PRACTICES

*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

62. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein

63. At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law .

64. At all times relevant herein, the employers of Plaintiff, Defendants, were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff, including similarly situated workers who are members of the general public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiff, were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiff.

65. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

66. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff, incurred losses in the form of unpaid wages in amounts to be proved at trial.

67. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff, certain wages and overtime pay due.

68. Plaintiff, having been illegally deprived overtime pay to which she were legally entitled, herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for the following relief:

1. For compensatory damages and liquidated damages per the Fair Labor Standards Act for unpaid overtime wages in an amount to be determined

2. For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime wages in an amount to be determined;

3. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

4. For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting.

5. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to

California Labor Code § 203 in an amount to be determined at trial;

6. Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

7. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

8. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a);

9. For costs of suit herein; and

10. For such other and further relief as the Court may deem appropriate.

March 28, 2016

                                        Respectfully submitted,

By:                               //jdb_____

                                        JAMES DAL BON

                                        Attorneys for Plaintiff

1  JAMES DAL BON, Bar No. 157942
   LAW OFFICE OF JAMES DAL BON
2  606 N. 1ST St.
3  SAN JOSE, CA 95112
   (408) 466-5845
4

5  VICTORIA BOOKE, Bar No. 142518
   BOOKE & ALJUONY
6  606 N. 1ST St.
   SAN JOSE CA 95112
7  (408) 286-7000
8
   ATTORNEYS FOR PLAINTIFFS
9
                    UNITED STATES DISTRICT COURT
10
                        NORTHERN CALIFORNIA
11
                                    | Case No.
12                                  |
                                    | CLASS ACTION COMPLAINT
13 ISAIAS SANCHEZ                   |
14                                  | **DEMAND FOR JURY TRIAL**
           Plaintiffs,
15
      vs.
16
17
18         Defendants.
19 LINDY ROOFING COMPANY, INC
20

21 **PLAINTIFFS DEMAND A JURY TRIAL**
22

23 March 28, 2016
24
                              Respectfully submitted,
25
   By:                        /jdb_____
26
                              JAMES DAL BON
27
                              Attorneys for Plaintiff
28

                               16